**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>　　　　　Plaintiff-Appellant,<br><br>v.<br><br>DERRAL G. WILLIAMS, Warden; T. WAN; R. HANSEN; D. BEELER,<br><br>　　　　　Defendants - Appellees. | No. 13-15148<br><br>D.C. No. 1:05-cv-0124-AWI-SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court, Eastern District of California,
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS[**], and CHRISTEN, Circuit Judges.

Marcus Williams filed this damages action under 42 U.S.C. § 1983 alleging

that restrictions on his opportunities for out-of-cell exercise while he was

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

incarcerated at the California Substance Abuse Treatment Facility ("CSATF") violated the Eighth Amendment. Williams now appeals the district court's grant of summary judgment in favor of the defendant correctional officials. For the reasons stated below, we affirm the judgment of the district court.[†]

**1.** We review the district court's grant of summary judgment *de novo*. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). "We must determine 'whether, viewing the evidence in the light most favorable to the non-moving party, there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

**2.** To prevail on his Eighth Amendment claim, Williams must show that (1) as an objective matter, Appellees' acts or omissions deprived him of "the minimal civilized measure of life's necessities"; and (2) in causing the deprivation, Appellees subjectively acted with "deliberate indifference" to inmate health and safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994)) (internal quotation marks omitted).

---

[†] During pendency of this appeal, Appellees filed a motion requesting that this Court revoke Williams' *in forma pauperis* status under 28 U.S.C. § 1915(g). We deny the motion and proceed to address the merits of the appeal.

**3.** Williams presented no evidence that Appellee D. Beeler took any of the official actions alleged to have deprived him of opportunities for out-of-cell exercise. We hold, therefore, that the district court properly granted summary judgment in Appellee Beeler's favor.

**4.** Williams failed to show that the remaining Appellees acted with deliberate indifference in depriving him of out-of-cell exercise during his period of confinement in Facility C at CSATF. "[S]howing 'deliberate indifference[]' involves a two part inquiry": (1) whether "the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety"; and (2) whether "the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010) (quoting *Farmer*, 511 U.S. at 837, 844) (internal quotation marks omitted). Appellees cite specific reasons supported by substantial documentary evidence in the record as to each of the several disruptions to the outdoor exercise program that restricted Williams' yard privileges. According to the Program Status Reports, each lockdown that prevented Williams' access to the yard for multiple days was either responsive to a specific emergency involving Williams' cohort in Facility C or necessary to maintain in place the prison's security apparatus. Williams generated no genuine dispute of material fact as to the reasonable justifications shown in the

record for the official actions challenged in this suit, as reflected in the district court's comprehensive memorandum opinion. We hold, therefore, that summary judgment was properly granted in favor of Appellees Derral Williams, T. Wan, and R. Hansen.

**AFFIRMED.**